IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 1, 2018

## BUSTER CHANDLER v. MARIA M. SALAS

**Appeal from the Circuit Court for Davidson County**
**No. 17-C-518        Joseph P. Binkley, Jr., Judge**

_____

### No. M2017-01233-COA-R3-CV

_____

Plaintiff, an inmate at the Kentucky State Reformatory, who brought an action against the Clerk and Master of the Davidson County, Tennessee, Chancery Court, appeals the dismissal of his suit for failure to comply with statutory provisions applicable to suits brought in Tennessee by inmates incarcerated in Tennessee facilities and for failing to pay the filing fee.  Plaintiff contends that the trial court abused its discretion in not ordering that the filing fee be paid from his inmate trust account.  Upon a review of the record, we determine that neither the statutes relied upon by the court in dismissing the suit nor those relied upon by the plaintiff in contesting the dismissal apply to the case at bar; we have further determined that the dismissal was proper for Plaintiff's failure to pay the fees required by Tennessee Code Annotated section 8-21-401 or secure such relief from the requirement as may be available to him.  Consequently, we affirm the dismissal of this action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KENNY W. ARMSTRONG, J., joined.

Buster Chandler, LaGrange, Kentucky, Pro Se.

No appearance for Appellee, Maria M. Salas

### MEMORANDUM OPINION[1]

_____

[1]  Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum

Buster Chandler ("Plaintiff"), an inmate currently incarcerated at the Kentucky State Penitentiary in Lagrange, Kentucky, filed suit in Davidson County, Tennessee, Circuit Court on February 27, 2017, against Maria Salas ("Defendant"), currently the Clerk and Master of Davidson County Chancery Court. The thirty page pro se complaint was accompanied by Plaintiff's affidavit, wherein he averred that on December 26, 2015, he sent Defendant a petition for declaratory judgment "pursuant to Tenn. Code Ann. 4-5-225", and that "on or about 10-1-2015 I made file from all the defendant/respondent in Davidson County for a declaratory order pursuant to Tenn. Code Ann. 4-5-223 for a exhaustion of remedies." Both the complaint and affidavit contained a certificate of service attesting that a copy of the document had been sent by mail to Defendant. There is no indication that summons issued or that the complaint was served in accordance with Tennessee Rule of Civil Procedure 4.

On March 2, 2017, the court entered an order advising that Plaintiff had failed to file a notarized pauper's oath, failed to file by affidavit the information required Tennessee Code Annotated section 41-21-805, and failed to file a partial payment of the filing fee of $284.50, as required by section 41-21-807; Plaintiff was given twenty days to comply with the order. On March 13 Plaintiff filed a motion, styled "Motion Pursuit [sic] to T.C.A. 41-21-805 for the Court to Enter an Order to Kentucky State Reformatory to Deduct 209 of Plaintiff State Pay to Pay the Partial Payment of the Filing Fee of $284.50." Accompanying the motion was an "Affidavit Pursuit [sic] to TCA 41-21-805," in which Plaintiff asserted that the statute "violates plaintiff rights against the 5th Amendment of self-incrimination and the 4th Amendment right to privacy," and an "Affidavit to wave [sic] paupers oath as he is not a pauper nor a poor person." No order was entered on the motion.

On June 5, 2017, the court entered an order dismissing the case for failure to pay the partial payment of the filing fee as required by Tennessee Code Annotated section 41-21-807. On June 15, Plaintiff filed his notice of appeal; he argues that the court abused its discretion in dismissing the case without ruling on his motion to enter an order requiring the filing fee to be paid in monthly installments from his inmate account at the Kentucky State Reformatory.[2] Upon our reading, however, neither the statute cited by the court in dismissing the suit nor the statutes under which Plaintiff sought relief are applicable to this case.

Lawsuits by inmates in Tennessee are governed by Title 41, Chapter 21, Part 8 of the Tennessee Code, codified at Tennessee Code Annotated section 41-21-801 (2017), *et*

opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] As an attachment to the motion he filed on March 13, Plaintiff included a separate motion for the court to enter an order requiring the "inmate account office at the Kentucky Reformatory to deduct 20% of Plaintiff monthly pay as partial filing fee of $284.50."

*seq*. Plaintiff's suit was dismissed for failure to comply with the filing fee requirements at section 41-21-807; the issue Plaintiff raises adds section 41-21-805 to our consideration of the appeal. The definitional statute of Part 8 defines "inmate" as "a person housed in a facility operated by the department, housed in a county jail or housed in a correctional facility operated by a private corporation pursuant to a contract with the state or local government." § 41-21-801(4). The "department" is defined as "the department of correction." *Id.* at (2).[3] The "inmate's account" means "an inmate's trust account administered by the department or by a county jail." *Id.* at (5). By its terms, Part 8 governs suits brought by inmates in facilities run by the Tennessee Department of Corrections; as well, the trust accounts subject to Part 8 are those administered by the Tennessee Department. The statute relied upon by the trial court does not apply to Plaintiff's suit, since he is not incarcerated in a Tennessee facility. Moreover, the relief requested by Plaintiff, that the trial court compel the Kentucky Reformatory to pay the filing fee from his trust account, is not available; there is no authority for the court to issue any order directing the Kentucky Reformatory to do what Plaintiff requests.

The authority for the assessment and collection of fees and costs in this case derives from Tennessee Code Annotated, section 8-21-401, *et.seq.*, and section 20-12-101, *et seq.*, respectively. Plaintiff has not paid the filing fee and has not sought any relief which might be available to him under the applicable provisions of the Code related to prepayment of costs and filing fees.

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
RICHARD H. DINKINS, JUDGE

---

[3] The Department of Corrections is created and its duties and responsibilities specified at Tennessee Code Annotated section 4-3-601, *et seq*.